**FILED**

JUL 2 3 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IMPEACHMENT TRIAL COMMITTEE ON THE ARTICLES AGAINST JUDGE G. THOMAS PORTEOUS, JR. | ) ) ) |
| The United States Senate Washington, D.C. 20510, | |
| Applicant. | ) ) ) ) |

Case: 1:10-mc-00443
Assigned To : Friedman, Paul L.
Assign. Date : 7/23/2010
Description: Miscellaneous

### APPLICATION FOR ORDER IMMUNIZING TESTIMONY AND OTHER INFORMATION PROVIDED BY JACOB AMATO, JR.

1. The Impeachment Trial Committee on the Articles Against Judge G. Thomas Porteous, Jr. applies to this Court for an order, pursuant to 18 U.S.C. §§ 6002 and 6005, immunizing, from use in prosecutions, testimony and other information provided by one of its potential witnesses, Jacob Amato, Jr., at proceedings of the Impeachment Trial Committee.

2. The presiding officer of the Senate has appointed, pursuant to Senate Resolution 458, 111th Congress, and Rule XI of the Rules of Procedure and Practice in the Senate When Sitting on Impeachment Trials, the Impeachment Trial Committee to receive evidence and take testimony on the articles of impeachment against Judge G. Thomas Porteous, Jr. at such times and places as the Committee may determine. A copy of Senate Resolution 458, as agreed to on March 17, 2010, is attached as Exhibit A; a copy of Impeachment Rule XI is attached as Exhibit B.

3. On July 15, 2010, by a vote of eight of its twelve members, the Impeachment Trial Committee adopted a resolution directing the Senate Legal Counsel to apply for an order immunizing testimony and other information provided by the witness at its proceedings. The Committee's resolution is attached as Exhibit C.

4. It is anticipated that the witness would invoke his constitutional privilege against self-incrimination if subpoenaed to testify.

5. In accordance with 18 U.S.C. § 6005, we notified the Attorney General on July 15, 2010, of the Impeachment Trial Committee's intention to request this order. A copy of the notice to the Attorney General is attached as Exhibit D. A certificate of service of Exhibit D is attached as Exhibit E.

6. By letter dated July 22, 2010, the Department of Justice stated it has no objection to the proposed order to compel the testimony of Jacob Amato, Jr., and that the Attorney General will waive the ten-day notice to which he is entitled under 18 U.S.C. § 6005(b)(3). A copy of the Department of Justice's letter is attached as Exhibit F.

Wherefore, the Impeachment Trial Committee on the Articles Against Judge G. Thomas Porteous, Jr., respectfully requests that this Court issue an order immunizing from

- 2 -

use in prosecutions testimony and other information provided by Jacob Amato, Jr. at

proceedings of the Committee.

Respectfully submitted,

Morgan J. Frankel, Bar #342022
Senate Legal Counsel

Patricia Mack Bryan, Bar #335463
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250

Tel:  (202) 224-4435
Fax:  (202) 224-3391

Counsel for Impeachment Trial
Committee on the Articles Against
Judge G. Thomas Porteous, Jr.

Dated: July 23, 2010

Exhibit A

# S. Res. 458

## *In the Senate of the United States,*

*March 17, 2010.*

*Resolved,* That pursuant to Rule XI of the Rules of Procedure and Practice in the Senate When Sitting on Impeachment Trials, the Presiding Officer shall appoint a committee of twelve senators to perform the duties and to exercise the powers provided for in the rule.

SEC. 2. The majority and minority leader shall each recommend six members, including a chairman and vice chairman, respectively, to the Presiding Officer for appointment to the committee.

SEC. 3. The committee shall be deemed to be a standing committee of the Senate for the purpose of reporting to the Senate resolutions for the criminal or civil enforcement of the committee's subpoenas or orders, and for the purpose of printing reports, hearings, and other documents for submission to the Senate under Rule XI.

SEC. 4. During proceedings conducted under Rule XI the chairman of the committee is authorized to waive the requirement under the Rules of Procedure and Practice in the

2

Senate When Sitting on Impeachment Trials that questions by a Senator to a witness, a manager, or counsel shall be reduced to writing and put by the Presiding Officer.

SEC. 5. In addition to a certified copy of the transcript of the proceedings and testimony had and given before it, the committee is authorized to report to the Senate a statement of facts that are uncontested and a summary, with appropriate references to the record, of evidence that the parties have introduced on contested issues of fact.

SEC. 6(a). The actual and necessary expenses of the committee, including the employment of staff at an annual rate of pay, and the employment of consultants with prior approval of the Committee on Rules and Administration at a rate not to exceed the maximum daily rate for a standing committee of the Senate, shall be paid from the contingent fund of the Senate from the appropriation account "Miscellaneous Items" upon vouchers approved by the chairman of the committee, except that no voucher shall be required to pay the salary of any employee who is compensated at an annual rate of pay.

(b) In carrying out its powers, duties, and functions under this resolution, the committee is authorized, in its discretion and with the prior consent of the Government department or agency concerned and the Committee on Rules and Administration, to use on a reimbursable, or nonreimburs-

3

able, basis the services of personnel of any such department or agency.

SEC. 7. The committee appointed pursuant to section one of this resolution shall terminate no later than 60 days after the pronouncement of judgment by the Senate on the articles of impeachment.

SEC. 8. The Secretary shall notify the House of Representatives and counsel for Judge G. Thomas Porteous, Jr. of this resolution.

Attest:

*Secretary.*

Exhibit B

RULES OF PROCEDURE AND PRACTICE IN THE SENATE
WHEN SITTING ON IMPEACHMENT TRIALS

\* \* \* \* \*

XI. That in the trial of any impeachment the Presiding Officer of the Senate, if the Senate so orders, shall appoint a committee of Senators to receive evidence and take testimony at such times and places as the committee may determine, and for such purpose the committee so appointed and the chairman thereof, to be elected by the committee, shall (unless otherwise ordered by the Senate) exercise all the powers and functions conferred upon the Senate and the Presiding Officer of the Senate, respectively, under the rules of procedure and practice in the Senate when sitting on impeachment trials.

Unless otherwise ordered by the Senate, the rules of procedure and practice in the Senate when sitting on impeachment trials shall govern the procedure and practice of the committee so appointed. The committee so appointed shall report to the Senate in writing a certified copy of the transcript of the proceedings and testimony had and given before such committee, and such report shall be received by the Senate and the evidence so received and the testimony so taken shall be considered to all intents and purposes, subject to the right of the Senate to determine competency, relevancy, and materiality, as having been received and taken before the Senate, but nothing herein shall prevent the Senate from sending for any witness and hearing his testimony in open Senate, or by order of the Senate having the entire trial in open Senate.

Exhibit C

111th CONGRESS
2nd SESSION

## RESOLUTION

of the Senate Impeachment Trial Committee on the Articles
Against Judge G. Thomas Porteous, Jr.

To immunize from use in prosecution the testimony of,
and other information provided by,
Jacob Amato, Jr.

July 15, 2010

MRS. McCASKILL, the Chairman of the Senate Impeachment Trial Committee on the
Articles Against Judge G. Thomas Porteous, Jr., submitted the following resolution to the
Committee, which approved it by a vote of ____6____ of its twelve members on the 15
day of July, 2010.

Whereas, the Senate Impeachment Trial Committee on the Articles Against Judge G. Thomas

Porteous, Jr. has been appointed, pursuant to Senate Resolution 458, 111th Congress,

and Rule XI of the Rules of Procedure and Practice in the Senate When Sitting on

Impeachment Trials, to receive evidence and take testimony on the articles of

impeachment against Judge G. Thomas Porteous, Jr.;

Whereas, the Committee may require Jacob Amato, Jr. to testify and/or provide other

information at proceedings before or ancillary to the Committee;

Whereas, the Committee anticipates that Jacob Amato, Jr. may refuse to testify and/or provide

other information at proceedings before or ancillary to the Committee on the ground of

self-incrimination; and

Whereas, pursuant to 18 U.S.C. §§ 6002 and 6005, a committee of the Senate may seek, by

two-thirds vote, a court order immunizing testimony and/or other information provided

by a witness at proceedings before or ancillary to a committee from use in prosecutions

other than for perjury, giving a false statement, or otherwise failing to comply with the court order: Now, therefore, be it

*Resolved*, That the Senate Impeachment Trial Committee on the Articles Against Judge G. Thomas Porteous, Jr., pursuant to 2 U.S.C. §§ 288b(d) and 288f, directs the Senate Legal Counsel to apply for a court order immunizing from use in prosecutions the testimony of, and other information provided by, Jacob Amato, Jr. at proceedings before or ancillary to the Committee.

Attest: A True Copy

_____
Erin P. Johnson
Chief Clerk
Impeachment Trial Committee on the Articles
Against Judge G. Thomas Porteous, Jr.

- 2 -

# Exhibit D

## NOTICE OF INTENTION TO REQUEST
## ORDER CONFERRING IMMUNITY

TO:    The Honorable Eric H. Holder, Jr.
         The Attorney General of the United States
         Washington, D.C. 20530

        Please take notice that the undersigned, as representative of the Impeachment Trial Committee on the Articles Against G. Thomas Porteous, Jr., will request the United States District Court for the District of Columbia, pursuant to 18 U.S.C. § 6005 and 2 U.S.C. §§ 288b(d) and 288f, to issue an order immunizing from use in prosecutions the testimony of, and other information provided by, Jacob Amato, Jr. at proceedings of the committee.

                                    _Morgan J. Frankel_

                                      Morgan J. Frankel
                                      Senate Legal Counsel
                                      642 Senate Hart Office Building
                                      Washington, D.C. 20510
                                      (202) 224-4435

Dated: July 15, 2010

Exhibit E

CERTIFICATE OF SERVICE

I certify that on July 15, 2010, in accordance with 18 U.S.C. § 6005(b)(3), notice of the intention of the Senate Impeachment Trial Committee on the Articles Against Judge G. Thomas, Porteous, Jr. to seek an order conferring immunity upon Jacob Amato Jr. was sent by electronic mail to the Office of Legislative Affairs of the Department of Justice.

_____

Morgan J. Frankel

July 19, 2010

Exhibit F

**U.S. Department of Justice**

Office of Legislative Affairs

---

Office of the Assistant Attorney General

*Washington, D.C. 20530*

July 22, 2010

Mr. Morgan J. Frankel
Senate Legal Counsel
642 Senate Hart Office Building
Washington, D.C. 20510

Dear Mr. Frankel:

This responds to you letter, dated July 15, 2010, notifying the Department that, in connection with the impeachment proceedings pending in the United States Senate against Judge G. Thomas Porteous, Jr., the Senate Impeachment Trial Committee, pursuant to Title 18, United States Code, Section 6005, intends to apply for orders from the United States District Court for the District of Columbia granting use immunity to Jacob J. Amato, Jr. and Robert C. Creely to compel their Senate testimony. You also requested that the Department waive the ten-day notice period provided under that statute.

The Department has no objection to the Committee's application for these orders and further agrees to waive the ten-day statutory notice period under 18 U.S.C. § 6005(b)(3).

We hope this information is helpful. Please do not hesitate to contact us if we may provided additional assistance with this or any other matter.

Sincerely,

Ronald Weich
Assistant Attorney General

**FILED**

JUL 23 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                              )
IMPEACHMENT TRIAL COMMITTEE                   )
ON THE ARTICLES AGAINST                       )
JUDGE G. THOMAS PORTEOUS, JR.                 )
                                              )
The United States Senate                      )    Misc. No. 10-443
Washington, D.C. 20510,                       )
                                              )
              Applicant.                      )
                                              )
```

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF APPLICATION FOR ORDER IMMUNIZING TESTIMONY
AND OTHER INFORMATION PROVIDED BY JACOB AMATO, JR.

The Impeachment Trial Committee on the Articles Against Judge G. Thomas

Porteous, Jr., appointed pursuant to Senate Resolution 458 of the 111th Congress and Rule

XI of the Rules of Procedure and Practice in the Senate When Sitting on Impeachment

Trials, is applying to this Court for an order immunizing testimony and other information

which may be provided to the Committee by Jacob Amato, Jr.  The application is presented

pursuant to 18 U.S.C. § 6005, which provides, in relevant part:

§ 6005.  Congressional proceedings.

(a) In the case of any individual who has been or may be called to
testify or provide other information at any proceeding before or
ancillary to either House of Congress, or any committee . . . of either
House, . . . a United States district court shall issue, in accordance with
subsection (b) of this section, upon the request of a duly authorized
representative of the House of Congress or the committee concerned, an
order requiring such individual to give testimony or provide other
information which he refuses to give or provide on the basis of his
privilege against self-incrimination, such order to become effective as
provided in section 6002 of this title.

(b) Before issuing an order under subsection (a) of this section, a United States district court shall find that--

(1) * * * *

(2) in the case of a proceeding before or ancillary to a committee . . . of either House of Congress . . . the request for such an order has been approved by an affirmative vote of two-thirds of the members of the full committee; and

(3) ten days or more prior to the day on which the request for such an order was made, the Attorney General was served with notice of an intention to request the order.

(c) Upon application of the Attorney General, the United States district court shall defer the issuance of any order under subsection (a) of this section for such period, not longer than twenty days from the date of the request for such order, as the Attorney General may specify.

This law provides the mechanism by which a witness before a congressional committee receives "use immunity" for testimony.[1]  The immunized witness remains subject to prosecution for the transactions about which he or she testifies if the government sustains the burden of proving at trial that it did not use the immunized testimony or its fruits in the prosecution. *See Kastigar v. United States*, 406 U.S. 441, 459-62 (1972).  Because the court's inquiry on an application for an immunity order is narrow and its tests are mechanical, the application may be decided *ex parte* without a hearing.

---

[1]  The witness who is the subject of this application was previously granted use immunity pursuant to this law for his testimony before the House of Representatives Committee on the Judiciary in the impeachment proceedings preceding the House's instigation of impeachment articles against Judge Porteous for trial by the Senate. *In re Application of House Committee on the Judiciary*, Misc. No. 09-424 (RCL) (D.D.C. Aug. 12, 2009).  Because that order immunized testimony only at proceedings before the House Judiciary Committee, a separate, companion order is necessary to confer use immunity for testimony at forthcoming proceedings before or ancillary to the Senate Impeachment Trial Committee.

*Ryan v. Commissioner of Internal Revenue*, 568 F.2d 531, 540 (7th Cir. 1977), *cert. denied*, 439 U.S. 820 (1978).[2]

Section 6005 sets out the two requirements for an immunity order, both of which have been met here.[3] First, "in the case of a proceeding before or ancillary to a committee . . . of either House of Congress . . . the request for such an order has been approved by an affirmative vote of two-thirds of the members of the full committee." 18 U.S.C. § 6005(b)(2). The Impeachment Trial Committee's resolution (Exhibit C to the application) shows that the Committee approved this request for an order by a vote of eight of its twelve members on July 15, 2010.[4]

Second, the Attorney General has waived the requirement that "ten days or more prior to the day on which the request for such an order was made," he have received "notice of an intention to request the order." 18 U.S.C. § 6005(b)(3). It is settled that "the Department [of Justice] may waive the ten-day notice requirement." *Cammisano*, 655 F.2d at 1236. After being informed of the Committee's interest in immunizing this

---

[2] The court noted in *Ryan* that "nothing in the statute bars the court . . . from notifying the witness, . . . or hearing any objections," but "these procedures are not required by the constitution or by the immunity statute." *Id.* at 540.

[3] The Impeachment Trial Committee may apply for this order prior to summoning the witness to testify or provide information at one of its proceedings. *In re Application of United States Senate Permanent Subcommittee on Investigations (Cammisano)*, 655 F.2d 1232, 1236-38 (D.C. Cir.), *cert. denied*, 454 U.S. 1084 (1981).

[4] This Court has immunized witnesses to testify before Senate Impeachment Trial Committees in connection with prior judicial impeachment trials. *See In re Application of Senate Impeachment Trial Committee (Hastings)*, Misc. No. 89-129 (D.D.C. June 27, 1989); *In re Application of Senate Impeachment Trial Committee (Nixon)*, Misc. No. 89-175 (D.D.C. Aug. 15, 1989).

- 3 -

witness (Exhibit D), on July 22, 2010, the Department of Justice waived (Exhibit F) the requirement that ten days have elapsed before the filing of the application for an immunity order.

Accordingly, the Impeachment Trial Committee requests that the Court issue an order immunizing the testimony and other information which Jacob Amato, Jr. may provide at the Committee's proceedings.

Respectfully submitted,

Morgan J. Frankel, Bar #342022
Senate Legal Counsel

Patricia Mack Bryan, Bar #335463
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250

Tel: (202) 224-4435
Fax: (202) 224-3391

Counsel for Impeachment Trial
Committee on the Articles Against
Judge G. Thomas Porteous, Jr.

Dated: July 23, 2010